**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | |
|---|---|
| Patricia A. Careo, ) | C/A No. 6:10-1364-CMC-KFM |
| ) | |
| Plaintiff, ) | |
| v. ) | **ORDER** |
| ) | |
| Michael J. Astrue, ) | |
| Commissioner of Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Through this action, Plaintiff seeks judicial review of the final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits ("DIB"). Plaintiff appealed pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). The matter is currently before the court for review of the Report and Recommendation ("Report") of Magistrate Judge Kevin F. McDonald, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(B)(2)(a) and 83.VII.02, *et seq.*, D.S.C. and filed on July 13, 2011. For the reasons set forth below, the court adopts the Report and remands the case to the Commissioner to make a finding as to the weight to be given to new evidence and further proceedings as appropriate.

**STANDARD**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter

1

to him with instructions. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze,* 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

**BACKGROUND**

Plaintiff applied for DIB on May 4, 2006, alleging that she became unable to work in May 2005. Tr. 113-18. The ALJ, in a decision issued April 15, 2009, found Plaintiff not disabled and denied her claims. Tr. 22-29. Plaintiff appealed this decision to the Appeals Council and submitted new evidence for consideration. This new evidence included two medical opinions which pre-dated the ALJ's decision as well as three medical reports, an MRI, and an arterial evaluation of Plaintiff's legs which post-dated the ALJ's decision. Tr. 674-92. The Appeals Council, after considering the

additional information, found no reason to review the ALJ's decision and denied Plaintiff's request for review. Tr. 1-5. Plaintiff then filed this action asserting that there is not substantial evidence to support the ALJ's decision and that the decision should be reversed and remanded for further consideration, or for an outright award of benefits. Dkt. No. 2.

## DISCUSSION

The Report recommends remand because, even though the regulations require that the Appeals Council adhere to a particular standard in considering new evidence[1], the Appeals Council failed to articulate a reason for its decision not to grant review based on Plaintiff's new evidence. Dkt. No. 22 at 16-17. In its notice, the Appeals Council stated only that: "In looking at your case, we considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council. We found that this information does not provide a basis for changing the [ALJ]'s decision." Tr. 2. The Report states that because the Appeals Council did not specify a reason for rejecting Plaintiff's evidence the court cannot determine whether the ALJ's decision is supported by substantial evidence. Dkt. No. 16 at 10.

Defendant filed objections arguing that the Appeals Council was not required to provide

---

[1] Pursuant to 20 C.F.R. § 404.970(b)
If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.

20 C.F.R. § 404.970(b). Evidence is new "if it is not duplicative or cumulative." *See Wilkins v. Sec'y of Dep't of Health & Human Servs.*, 953 F.2d 93, 96 (4th Cir. 1991). "Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome." *Id.*

detailed reasons for denying Plaintiff's request for review rendering remand unnecessary.[2] *See* Dkt. No. 24.  In the alternative, Defendant argues that the court should hold its decision in this matter in abeyance pending a decision by the Fourth Circuit in *Meyer v. Astrue*, No. 10-1581. *Id.*

**Appeals Council's Decision.**  As stated in the Report, there is considerable debate in the Fourth Circuit and in the District of South Carolina as to whether the Appeals Council must articulate a reason for its decision not to grant review upon receipt of additional evidence. *See* Dkt. No. 22 at 15-16.  Having reviewed the Report, Defendant's objections, and the relevant case law, the court agrees with the Report that under the specific facts of this case, remand is warranted.

In making his decision to deny benefits, the ALJ (1) discounted the opinion of Plaintiff's treating physician, Dr. Heather Hutchings ("Hutchings") because the record failed to "reveal the type of significant clinical and laboratory abnormalities one would expect if the claimant were disabled" (Tr. 27); and (2) noted that the opinions of Plaintiff's orthopedist, Dr. Jeffrey Garske ("Garske"), had not "placed any restrictions on the claimant's activities" (Tr. 28).  As stated above, the new evidence presented to the Appeals Council included results from an MRI, performed on August 26, 2009, revealing evidence of degenerative disc disease and arthritis and results from nerve conduction studies, performed July 30, 2009, that indicated Plaintiff suffers from sensory neuropathy and radiculopathy. *See* Dkt. No. 22.  The results of the MRI and nerve studies contain objective evidence

---

[2] The regulations require that the Appeals Council consider additional evidence only " where it relates to the period on or before the date of the [ALJ] hearing decision." 20 C.F.R. § 404.970(b).  In this case, the ALJ decision was issued April 15, 2009, and some of the additional evidence presented to the Appeals Council post-dated that decision.  However, the Appeals Council considered this post-dated evidence, and Defendant does not argue that this was improper under the regulations. Tr. 1-5.  Therefore, the court finds that Defendant has waived any argument that Appeals Council consideration of the new evidence was improper under the regulations.

4

that could bolster Hutchins' opinion.³ The additional evidence also included the opinion and treatment notes of Garske, dated May 11, 2009, in which Garske opines that due to limited rotation in her hip, tests indicating carpal tunnel syndrome, and decreased reflex in her right ankle, Plaintiff would be unable to perform her past work as a certified nursing assistant because the job "would require her to be on her feet for prolonged periods of time and also [to] do a substantial amount of pushing, pulling, and lifting." Tr. 675-76. The Report found this evidence new and material, and this court agrees. *See* Dkt. No. 22 at 15. The additional evidence provided to the Appeals Council was new in that it consisted of test results and medical reports not previously provided. In addition, the evidence directly addressed concerns raised by the ALJ in his opinion as to what weight to give a treating physician's opinion and gaps in the orthopedist's opinion. Therefore, as the Report notes, there is a reasonable possibility that the new evidence would change the ALJ's decision at particular steps of the sequential evaluation.

The Appeals Council summarily found that Plaintiff's additional evidence did not provide a basis for changing the ALJ's decision. However, without any explanation from the Appeals Council regarding why the ALJ's decision is not contrary to "the weight of the evidence currently of record" (20 C.F.R. § 404.970(b)), this court cannot determine whether the decision is supported by substantial evidence.⁴ Therefore, remand is required for a finding as to the weight to be accorded

---

³ The Report notes that the MRI, nerve studies, and Garske's treatment notes and opinion are all dated after the ALJ's decision. However, the Report found that they nonetheless related to Plaintiff's condition on or before the date of the hearing decision because the conditions they reveal are chronic and must have existed for some time and the results correspond to the subjective complaints made by Plaintiff prior to the hearing decision. Dkt. No. 22 at 14-15.

⁴ Defendant notes that several circuits have held that the Appeals Council is not required to articulate its reasoning for denying review after considering additional evidence. *See* Dkt. No. 24 at 4-5 (citing *Jones v. Astrue*, 228 F. App'x 403, 407 (5th Cir. Mar. 29, 2007) (unpublished);

this new evidence and, if appropriate, the reasons for rejecting a physician's opinion.

**Holding Decision in Abeyance.** In the alternative, Defendant argues that, if the court disagrees with Defendant's position, it should hold its order in abeyance pending the Fourth Circuit's upcoming decision in *Meyer v. Astrue*, No. 10-1581. As noted above, there is considerable debate in the Fourth Circuit and District of South Carolina as to whether the Appeals Council must articulate a reason for its decision not to grant review upon receipt of additional evidence. Defendant argues that the district court in *Meyer v. Astrue* held that the Appeals Council is not required to explain its reasons for finding additional evidence provides no basis for changing the ALJ's decision. No. 3:08-3828-JFA-JRM, 2010 WL 1257626 (D.S.C. March 25, 2010). *Meyer* is currently on appeal to the Fourth Circuit and, as Defendant noted in his objections, the parties in that case have urged the Fourth Circuit to clarify its position on the additional evidence issue. Dkt. No. 24 at 5. However, because the court's order in *Meyer* was based on the facts and circumstances of that case,

---

*Martinez v. Barnhart*, 444 F.3d 1201, 1207-08 (10th Cir. 2006); *Ciccariello v. Apfel*, 215 F.3d 1311, 2000 WL 560232, at *1 (1st Cir. May 4, 2000) (unpublished); *Damato v. Sullivan*, 945 F.2d 982, 988 (7th Cir. 1991)). However, this court does not find that the Appeals Council is *required* to articulate its reasoning for denying review. Rather the court finds that in the instant case where the additional evidence claimant presented is both new and material, the Appeals Council's denial of review without any explanation or discussion creates a dilemma for the reviewing court. The Appeals Council's denial of review both (1) incorporates claimant's additional evidence into the record and (2) renders the ALJ's decision the final decision of the Commissioner. *Wilkins*, 953 F.2d at 96; *see* C.F.R. § 404.981. The court must then determine whether the Commissioner's final decision applied the appropriate legal standard and is supported by substantial evidence based on a record which lacks any evaluation of the additional evidence because it was never before the ALJ and the Appeals Council provided no explanation for discounting it. As the court noted in *Harmon v. Apfel*, "the court is caught between trying to provide a meaningful judicial review of evidence not considered by the fact finder, while avoiding actually performing the task of weighing and resolving conflicts in the evidence, which is, of course, the function of the ALJ." 103 F. Supp. 2d 869, 872 (D.S.C. 2000). Therefore, this court finds that when the Appeals Council denies review without explanation and the additional evidence presented by claimant is both new and material, remand may be required.

6

this court cannot predict that a decision from the Fourth Circuit would have direct bearing on this matter.

The district court in *Meyer* examined the additional evidence plaintiff presented to the Appeals Council and determined that because that evidence was duplicative of other evidence in the record before the ALJ it was not new, and the Appeals Council could have properly disregarded it. *Meyer*, 2010 WL 1257626 at *5 (noting "[w]here evidence is not new, and *perhaps* even when it is, the Appeals Council is not required to articulate its reason for failing to consider such evidence") (emphasis added). Thus, the court in *Meyer* held that where additional evidence is not new, the Appeals Council is not required to articulate a reason for not considering it. In contrast, in this case, the court finds that the additional evidence presented to the Appeals Council was both new and material. Therefore, without some explanation from the Appeals Council, this court cannot determine whether the additional evidence rendered the ALJ's decision contrary to "the weight of the evidence currently of record" (20 C.F.R. § 404.970(b)) or whether the final decision of the Commissioner was supported by substantial evidence.

As the order in *Meyer* and the court's finding in this case are fact specific, the Fourth Circuit's opinion in *Meyer* may not affect the outcome of this case.[5] Under these circumstances the court finds that Defendant has not provided the court with sufficient basis to warrant further delay of Plaintiff's Social Security case. Therefore, Defendant's request that the court hold its order in abeyance is denied.

---

[5] Because Judge Anderson did not hold in *Meyer* that the Appeals Council was or was not required to articulate its reason for failing to consider additional evidence when the evidence is new, the Fourth Circuit may not address this issue on appeal. *See Meyer*, 2010 WL 1257626 at *5.

7

## CONCLUSION

For the reasons stated above, the court adopts the Report, reverses the decision of the Commissioner pursuant to sentence four of 42 U.S.C. §§ 405(g) and 1383(c)(3), and remands the case to the Commissioner to make a finding as to the weight to be given to new evidence and further proceedings as appropriate. Defendant's alternative request that this matter be held in abeyance pending the Fourth Circuit's decision in *Meyer v. Astrue*, No. 10-1581 is denied

**IT IS SO ORDERED.**

                                                 s/ Cameron McGowan Currie
                                                CAMERON MCGOWAN CURRIE
                                                UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
August 11, 2011